UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DWANYE LACY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>    Defendants. | Case No. 25-cv-06256-HSG<br><br>**ORDER DECLINING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Re: Dkt. No. 18 |

## I.   REPORT & RECOMMENDATION

Plaintiffs Edward Dwayne Lacy and Xavier Dwayne Lacy initially filed a complaint in July 2025 and an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 3, 5. Magistrate Judge Alex G. Tse granted the IFP application but found that Plaintiffs' complaint failed to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Dkt. Nos. 7, 8. Plaintiffs were given the opportunity to file an amended complaint to address these deficiencies by September 19, 2025. Dkt. No. 8.

Plaintiffs did not file an amended complaint by this September 19 deadline. Instead, they filed a case management statement on September 8 and a motion for entry of default on September 11, 2025.[1] Dkt. Nos. 12, 13. Plaintiffs also requested an extension of time to serve Defendants. Dkt. No. 15. Even liberally construed, none of these documents address the deficiencies that Judge Tse identified with Plaintiffs' initial complaint. In the case management statement, for example, Plaintiffs only briefly note that their case involves "excessive force during arrest," the

---

[1] The Clerk's Office denied the entry of default because the summons had not yet been returned as executed. Dkt. No. 14. In other words, Defendants have not been served yet and therefore default is inappropriate.

Fourth Amendment, and 42 U.S.C. § 1983.  *See* Dkt. No. 12 at 1.

On November 3, 2025, over a month after the original deadline to amend, Plaintiffs filed what they suggest is the first amended complaint ("FAC").  *See* Dkt. No. 20; *see also* Dkt. No. 22 (objection to report and recommendation identifying "Dkt. #20 [as] my amended [complaint] to be filed and served by the US marshal . . . .").  However, Plaintiffs' filings were not entered on the docket until November 5, 2025.  As a result of this delay, before these documents were entered on the docket, Judge Tse issued a report and recommendation that the Court dismiss Plaintiffs' complaint for failure to state a claim based on the original complaint.  Dkt. No. 18.  Plaintiffs objected to the report and recommendation.  Dkt. No. 22.  They suggest that the Clerk's Office failed to properly identify their documents as an amended complaint, and that Judge Tse's recommendation is thus unfair.  *See id.*  Because Judge Tse did not have an opportunity to review Plaintiffs' (untimely) amended complaint, the Court **DECLINES** to adopt the report and recommendation.  Dkt. No. 18.

**II.    28 U.S.C. § 1915(e) SCREENING ORDER**

Despite declining to adopt Judge Tse's report and recommendation, the Court must still consider whether Plaintiffs have failed to state a claim such that their case should be dismissed.

**A.    Legal Standard**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Plaintiffs must provide the grounds that entitle them to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Because Plaintiffs are pro se, the Court construes the complaint liberally and affords them the benefit of any doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  The Court is not, however, required to accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Discussion

As noted above, Plaintiffs suggest that they amended the complaint such that their case should not be dismissed. *See* Dkt. No. 22. On November 3, 2025, Plaintiffs filed a document that appears to be the U.S. Marshals Service Form USM-285, with the "Oakland FBI" listed as the Defendant. *See* Dkt. No. 20. On November 4, 2025, Plaintiffs filed another Form USM-285, this time with the "Oakland Police Department" listed as the Defendant. *See* Dkt. No. 21. Attached to these forms is a copy of the original complaint, file stamped July 16, 2025. *See* Dkt. Nos. 20, 21. This complaint does not appear to be revised or amended in any way. *Compare* Dkt. No. 1, *with* Dkt. No. 20 and Dkt. No. 21. Although there are some handwritten notations, these existed on the original version of the complaint as well. *See id.* Although Plaintiffs suggest that these should be construed as amended complaints, Dkt. No. 22, they do not explain how they amended the complaint.

As best the Court can discern, and as before, Plaintiffs' case appears based on an incident that occurred in April 2013 at the Social Security Administration office in Hayward, California. *See* Dkt. No. 20 at 3–8 (¶¶ 6–42). According to Plaintiffs, Social Security Administration employees verbally harassed and threatened Plaintiff Ed Lacy as he was attempting to pick up benefits from himself and his son, Plaintiff Xavier Lacy. *Id.* Plaintiffs called the Hayward Police Department, but before they arrived a guard on duty forcibly handcuffed and pepper sprayed Plaintiff Ed Lacy in front of his son. *Id.* When the police finally arrived, Plaintiffs state that they placed a second pair of handcuffs on Plaintiff Ed Lacy. *Id.* Plaintiffs complained about the incident to, among others, the Hayward Police Department and the Alameda County District Attorney's Office, who did nothing in response. *Id.* Plaintiffs list causes of action under the Fourth Amendment and Fourteenth Amendment, as well as several violations of state laws. *See id.* at 8–14 (¶¶ 43–81).

In his screening order, Judge Tse explained that Plaintiffs' Fourth Amendment claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), was

likely time-barred. *See* Dkt. No. 8 at 2–3 (noting two-year statute of limitations for *Bivens* claim in California) (citing *Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991); Cal. Civ. Proc. Code § 335.1). He stated that any amended complaint should explain why the claim is not time-barred. *Id.* at 3. As to Plaintiffs' other claims, Judge Tse explained that Plaintiffs do not specify which Defendants are implicated or what they are alleged to have done. *See id.* at 3–4. Judge Tse instructed Plaintiffs that "[i]n any amended complaint, Plaintiffs must do their best to include (1) the identity of each defendant, (2) the conduct that each defendant is allegedly liable for, and (3) the legal claim or claims against each defendant." *See id.* at 4.

Because the documents that Plaintiffs now suggest constitute the "amended" complaint are identical to the original complaint, Plaintiffs have not addressed any of these deficiencies. Many of Plaintiffs' claims appear to be time-barred, and the Court is unable to identify the nature of Plaintiffs' other claims. Accordingly, even liberally construing Plaintiffs' filings, the Court finds that the "amended" complaint still fails to sufficiently state a claim for relief under 28 U.S.C. § 1915(e).

//
//
//
//
//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

The Court **DECLINES** to adopt the report and recommendation, Dkt. No. 18, but nevertheless **DISMISSES** Plaintiffs' amended complaint. At this point, Plaintiffs have had ample opportunity to amend the complaint and have failed to do so in any meaningful way. The Court therefore **DISMISSES** the case against Defendants without leave to amend. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (quotation omitted). The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: 11/18/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

5